AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA Robert E. Eckert)                                19-119

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **Jose Santiago** | ) | Case No. |
| | ) | 19-1801-M |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 24, 2019 _____ in the county of _____ Philadelphia _____ in the
_____ Eastern _____ District of _____ Pennsylvania _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1), (b)(1)(B) | Attempted Possession with the Intent to Distribute a Controlled Substance |
| 21 U.S.C. 846 | |

This criminal complaint is based on these facts:

**See attached affidavit**

☐ Continued on the attached sheet.

_____
*Complainant's signature*

**Kevin M. Voit, Special Agent**
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **10.24.19**
_____
*Judge's signature*

City and state: _____ Philadelphia, PA _____        **Timothy R. Rice, U.S. Magistrate Judge**
*Printed name and title*

## **AFFIDAVIT**

I, Kevin M. Voit, being duly sworn, depose and say:

1.      I am a United States Postal Inspector. I am currently assigned to the United States Postal Inspection Service, Philadelphia Division. I have been employed as a Postal Inspector since April, 2016. Prior to becoming a Postal Inspector, I was employed as a federal agent with the Department of Homeland Security for seven and one half years. I have a Bachelor of Science in Business Administration from Rider University in Lawrenceville, NJ. I have been trained in various aspects of law enforcement, including the investigation of narcotics offenses. Through my education and experience and that of other agents assisting in this investigation, I have become familiar with the methods that individuals use to traffic narcotics through the U.S. Mail.

2.      As part of my duties as a United States Postal Inspector, I investigate the illegal use of the U.S. Mails and private carriers to transport controlled substances and drug trafficking instrumentalities, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846. I have been trained in various aspects of law enforcement, including the investigation of narcotics offenses. Through my education and experience, and that of other agents, I have become familiar with the methods that individuals use to traffic narcotics through the U.S. Mails. Because this affidavit is submitted for the limited purpose of obtaining an arrest warrant, I have not included all information known by me or other agents concerning this investigation.

1

3.      On October 22, 2019, the Philadelphia Division of the U.S. Postal
Inspection Service intercepted a Priority Mail parcel bearing Priority Mail
number 9505 5110 0907 9294 2672 89 (hereinafter referred to as the "Subject
Parcel").  The Subject Parcel was mailed from Puerto Rico in a USPS Priority Mail
flat rate box on October 21, 2019, and has the following characteristics: Priority
Mail No. 9505 5110 0907 9294 2672 89, measuring approximately 12" x 12" x
5.75" and bearing the return name/address "Johanna Cubero, urb. Zeno Gandia
981 Ave. F.J.G., Arecido PR 00612" and the delivery name/address "Luis
Hernandez, 5527 N. Marshall St., PhiladelPhia P.A. 19120."

4.      According to the United States Postal Service as well as law
enforcement database CLEAR, "Johanna Cubero" is not known to associate to the
return address. Further, "Luis Hernandez" is not known to associate to the
delivery address. From my training and experience, and the experience of other
agents, I know that drug dealers who send controlled substances by the mail or
other package delivery services, will often use a fictitious return address name
and/or a fictitious delivery addressee name when they are shipping parcels
containing controlled substances. They use this subterfuge in order to prevent the
mailer of the package from being located.

5.      On October 23, 2019, the Subject Parcel was exposed to a drug
detection canine named "Chase."  Chase is handled by Officer Michael Calchi
Badge # 167 with the Millville Police Department.  Officer Calchi has been with
the Millville Police Department since 2009 and he has been a K9 handler since

2

2012. The Millville Police Department certifies Officer Calchi and K9 Chase on a bi-annual basis, and Officer Calchi and K9 Chase have ongoing maintenance training every month during the year. In October 2019, Officer Calchi and K9 Chase successfully completed the certification and are certified in the detection of the following substances: marijuana/hashish, cocaine hydrochloride/cocaine base, heroin hydrochloride, methamphetamine, and MDMA. Officer Calchi advised Postal Inspectors that Chase alerted positive to the presence of illegal narcotics inside the Subject Parcel.

6.     On October 23, 2019, the Honorable Timothy R. Rice, United States Magistrate Judge for the Eastern District of Pennsylvania, issued a federal search warrant to search Priority Mail Priority Parcel bearing Priority Mail Number 9505 5110 0907 9294 2672 89 (the Subject Parcel). Upon authorization of the search warrant, Postal Inspectors opened the Subject Parcel and found it to contain a gift wrapped package covered in newspaper. Inside the gift wrapped package were three heavily wrapped brick shaped objects that were composed of a white powdery substance (suspected cocaine) and when combined weighed a total of approximately three kilograms. The suspected cocaine was field tested and tested positive for the presence of cocaine. The estimated street value of three kilograms of cocaine is approximately $300,000 U.S. dollars.

7.     On October 23, 2019, the Honorable Timothy R. Rice, U.S. Magistrate Judge for the Eastern District of Pennsylvania, issued an anticipatory federal search warrant for 5527 N Marshall Street, Philadelphia, PA 19120, and

3

issued a tracking warrant, to allow law enforcement to monitor the location and contents of the Subject Parcel. U.S. Postal Inspectors repackaged the parcel with beepers and GPS tracking devices, and included three rectangular shaped items to give the appearance of three kilograms of cocaine (hereinafter referred to as "the kilograms"). The kilograms were composed of a sham substance and a representative sample off of the original cocaine was placed into one of the sham kilograms. Law enforcement also placed theft detection powder on the outside of the kilograms. This theft detection powder is invisible to the naked eye, but can be seen using an ultraviolet light. Law enforcement uses theft detection powder in order to determine what individual(s) have touched an object.

8.    On October 24, 2019, U.S. Postal Inspectors conducted a controlled delivery of the parcel to 5527 N Marshall Street, Philadelphia, PA 19120 (hereinafter referred to as the "Subject Location"). A U.S. Postal Inspector posing undercover as a Letter Carrier (hereinafter referred to as "the UC") delivered the Subject Parcel to the "Subject Location" at approximately 11:04am. An individual later identified as Jose Santiago was standing outside of the front of the Subject Location. Santiago approached the front door of the Subject Location, opened the door, and instructed the UC to leave the Subject Parcel inside of the Subject Location.

9.    At approximately 12:05pm, the beeper transmitter device went into alarm mode indicating the Subject Parcel was opened, exposing the gift wrapped sham bundle of the kilograms.

4

10.    Minutes later, the law enforcement team knocked and announced their presence at the front door of the Subject Location with no response.   The law enforcement team made entry and encountered Santiago who immediately surrendered to law enforcement.

11.    At approximately 12:10pm Santiago's hands were tested and tested positive for the presence of theft detection powder.

12.    At approximately 12:15pm Santiago was read his Miranda Rights and requested to have an attorney present.

13.    During the search of the Subject Location the outer box from the Subject Parcel was recovered in the kitchen located in the rear of the Subject Location. A law enforcement officer located outside in the rear of the Subject Location explained that prior to law enforcement making entry through the front door, the officer heard the rear door of the Subject Location open, followed by the sound of an object hitting the ground, and observed Santiago enter the rear door of the Subject Location. The sham bundle of the kilograms, with the gift wrapping paper removed, were recovered on the other side of the fence on the property adjacent to the rear of the Subject Location.

14.    During the search of the Subject Location a loaded and chambered SCY 9mm handgun was recovered on a shelf in the bedroom closet that Santiago explained belonged to him. In the same closet where the handgun was recovered, law enforcement found a back pack that contained several distribution sized bags of white powder (suspected cocaine) and other empty distribution sized bags.

Additionally, the bag pack contained powders recognized by law enforcement as a cutting agent for the distribution of cocaine. In your affiant's training and experience, the quantity of recovered seized is consistent with the intent to distribute.

15.    In March of 2017, Inspectors intercepted a parcel addressed to Jose Santiago, 5527 N. Marshall Street, Philadelphia, PA 19120. The aforementioned parcel contained approximately one kilogram of cocaine. Law enforcement seized the kilogram of cocaine, however, a controlled delivery was never attempted.

16.    Based on the above facts, there is probable cause to believe that on or about October 24, 2019, in Philadelphia, in the Eastern District of Pennsylvania defendant Jose Santiago knowingly and intentionally attempted to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

Kevin M. Voit
U.S. Postal Inspector

Sworn to before me this ___ day
of October, 2019.

HON. TIMOTHY R. RICE
United States Magistrate Judge

6